**IMDB.COM, INC., Plaintiff,**

v.

**Xavier BECERRA, Defendant.**

**Case No. 16–cv–06535–VC**

United States District Court, N.D. California.

Signed 06/27/2017

failed to obtain a "direct benefit" from the judgment. See UFO Chuting, 508 F.3d at 1198.

Adam Lee Olin, John C. Hueston, Moez Mansoor Kaba, Hueston Hennigan LLP, Los Angeles, CA, for Plaintiff.

Anthony Richard Hakl, III, Department of Justice Office of the Attorney General, Sacramento, CA, for Defendant.

## ORDER DENYING MOTION FOR DISCOVERY

Re: Dkt. No. 68

VINCE CHHABRIA, United States District Judge

California enacted a statute restricting IMDb's ability to publish information on its website about the ages of people in the entertainment industry. Under the First Amendment, the government may only impose this sort of speech restriction if: (i) it serves a compelling purpose; and (ii) there is no reasonable alternative for achieving that purpose in a less speech-restrictive way. In this case, the government says it does not yet have adequate evidence to justify the speech restriction, so it wants IMDb to turn over a wide range of information that the government speculates will help prove its case.

## I.

IMDb has two services. First, it has a website—IMDb.com—which is available to the public and provides information about the entertainment industry. Visitors to this site can read entertainment news, reviews about movies, and biographical information about actors and others in the industry. Second, IMDb has a subscription service called "IMDb Pro." This is a LinkedIn of sorts for the entertainment industry, allowing paid subscribers to post and share their resumes, professional portfolios, and personal information. Profiles on IMDb Pro are not available to the general public.

At the urging of the Screen Actors Guild, the California Legislature passed, and the Governor signed into law, Assembly Bill 1687. Although the language of the statute doesn't mention IMDb, it's drafted to apply only to IMDb, with the goal of restricting the company's ability to post information on IMDb.com (the public-facing website) about the ages of people in the entertainment industry. Specifically, the statute provides that if a person who subscribes to IMDb Pro asks the company to refrain from publishing her age on IMDb.com, the company must comply with that request. The theory behind the statute is that IMDb.com, by publicly posting information about the ages of people in the entertainment industry, makes it easier for casting directors and others in the industry to engage in age discrimination.

IMDb sued under the First Amendment and sought an injunction preventing California from enforcing the statute while the lawsuit was pending. This Court applied strict scrutiny on the preliminary injunction motion, requiring the government to prove that the statute serves a compelling governmental purpose and restricts no more speech than necessary. *See* Dkt. No. 54 at 1 & n.1. The government was able to articulate a compelling purpose (namely, a desire to combat age discrimination in the entertainment industry), but it was unable to present meaningful evidence or argument in support of the notion that the statute is actually necessary to achieve that purpose. Therefore, the Court granted IMDb's motion for a preliminary injunction.

The typical next step in a case like this is for the parties to file cross-motions for summary judgment, paving the way for a final ruling on the constitutionality of the statute. But at a case management conference following the ruling on the preliminary injunction motion, the government expressed a desire to conduct discovery. The government, however, had a difficult time describing the information it wished to obtain or articulating how discovery would facilitate adjudication of the First Amendment questions posed by the case. So the Court ruled that no discovery would be permitted before the government filed a motion describing with specificity the discovery it wished to conduct and the reasons why it would be appropriate to do so. *See* Fed. R. Civ. P. 26(b).

The government (joined by the Screen Actors Guild, which has intervened to help defend the statute) has now filed a motion for discovery. The government seeks permission to serve 28 document requests and 7 interrogatories, and it seeks to take depositions of IMDb representatives on 7 topics. For example, it seeks any documents that reflect the reasons why members of the public use the IMDb.com website, including any public survey results, marketing studies, and advertising materials. It seeks documents regarding any IMDb policies or practices regarding the posting of age information on the website. The government also seeks documents reflecting any efforts by IMDb to lobby against AB 1687, and any documents reflecting communications between IMDb

**1102**

and any third party that has filed an amicus brief in support of IMDb in this case.

## II.

■ The government's theory is that IMDb's responses to these requests may reveal that people in the entertainment industry use information from IMDb.com to commit age discrimination. The idea that such information would be unearthed by these particular discovery requests is, to put it charitably, fanciful. Therefore, it does not appear that the requests are "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Moreover, to the extent this type of information might be revealed, it's difficult to understand how it would help the government defend the statute. Therefore, the burden these requests impose on IMDb are not "proportional to the needs of the case." See id.; Comments to 2015 Amendment to Federal Rule of Civil Procedure 26; see also, e.g., Gilead Sciences, Inc. v. Merck & Co., Inc., No. 5:13-CV-04057-BLF, 2016 WL 146574, at *1 (N.D. Cal. Jan. 13, 2016).

■ In a normal civil case, these kinds of irrelevant and burdensome discovery requests are merely annoying. But this is a First Amendment case, involving a statute that restricts non-commercial speech. The statute does not merely restrict the time, place, or manner in which people may express themselves; it is an outright restriction on the publication of certain non-commercial information. The government can't do this sort of thing whenever it wants. It may only do so if the restriction is "actually necessary" to serve a compelling governmental interest. Brown v. Entertainment Merchants Ass'n, 564 U.S. 786, 799, 131 S.Ct. 2729, 180 L.Ed.2d 708 (2011). This means that, for the government to be allowed to restrict this speech, there must be no other reasonable way to combat age discrimination in the entertainment industry. Against this backdrop, the government's discovery requests

are more than annoying. They're disturbing. The government seems to presume that, having failed to present any colorable argument or evidence in support of the notion that its speech restriction is actually necessary to combat age discrimination in the entertainment industry, it may now simply go fishing for a justification by imposing obligations on the party seeking to defend its First Amendment rights. For example, after lamenting this Court's conclusion at the preliminary injunction stage that the government failed to present any evidence to justify the statute, the government complains that "IMDb effectively asks this Court to foreclose any and all inquiries that might produce such evidence." Reply (Dkt. No. 70) at 2. The government states: "such evidence, if revealed, again could show that AB 1687 is narrowly tailored...." Id. Restrict speech first and ask questions later, the government seems to say. This ignores the First Amendment's heavy presumption against restricting speech of this kind. See Brown, 564 U.S. at 799, 131 S.Ct. 2729. If there is no reasonable basis for believing a speech restriction is necessary, the government cannot impose one and then hope a justification materializes in discovery.

In addition, while the government's approach to discovery in this context is disturbing, two of the discovery requests are even worse: they are an outright abuse of power. It's difficult to conceive of a reason, other than harassment, for seeking communications between IMDb and the people who filed amicus briefs on IMDb's behalf. It's difficult to conceive of a reason, other than harassment, for seeking information about IMDb's efforts to lobby against AB 1687. Certainly counsel for the government was unable to think of one at the hearing on this motion. While that type of information could perhaps have relevance in some other context, it obviously has no relevance to the constitutional question presented in

this case. And the unsettling irony of seeking this information in a First Amendment case should be obvious.

■ None of this is to say the government may never conduct discovery in a First Amendment case. For example, if there's a legitimate question about whether a plaintiff is covered by a speech-restricting statute, it may be appropriate to conduct discovery on that question. If a plaintiff puts forward evidence of its own to support a challenge to a speech restriction, it may be appropriate to test that evidence in discovery. More generally, if a relevant factual question truly needs answering before adjudication of a First Amendment question, it may be appropriate in some circumstances to direct discovery requests to the plaintiff on that question. But in this case, IMDb contends the statute violates the First Amendment on its face. Any argument that IMDb is not subject to the statute (which was drafted to apply specifically to IMDb) would be frivolous. And the government has identified no factual question that would meaningfully affect the analysis of the constitutionality of the statute on its face.

### III.

It's one thing for a legislature to enact a speech restriction without an adequate justification. That sometimes happens. It's another thing for the government's lawyers to double down on their client's constitutional error by imposing irrelevant, burdensome, even harassing discovery obligations on a party that seeks only to vindicate its First Amendment rights in court. That should never happen. The motion for discovery is denied.

Within 7 days of this order, the parties should submit a proposed schedule for cross-motions for summary judgment consistent with Paragraphs 26–29 of this Court's standing order.

**IT IS SO ORDERED.**